IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02366-PAB
(Bankruptcy No. 17-11746 MER, Chapter 13)

In re:

SHANNON A. ELLIOTT,

    Debtor.

---

JOHN A. CIMINO, ESQ.,

    Appellant,

v.

SHANNON ANGELICA SOMMER ELLIOTT,

    Appellee.

---

# ORDER

This is an appeal by John Cimino, the attorney for debtor Shannon Angelica Sommer Elliott ("debtor"), from the July 17, 2019 order [Docket No. 3] of the United States Bankruptcy Court for the District of Colorado (the "bankruptcy court") involving a Chapter 13 bankruptcy proceeding. The Court's jurisdiction is based on 28 U.S.C. § 158(a). Mr. Cimino claims that the bankruptcy court erred in not directing how certain funds in escrow should be disbursed in the form of attorney's fees. Docket No. 18 at 10. The debtor did not file a response brief.[1]

---

[1] Even if there is no opposition to a party's motion or appeal, a court may still review the unopposed motion or appeal. *See Coulter v. Davis (In Re Peter Coulter)*, Nos. CO-12-013, 11-22535, 2012 WL 11851651, at * 1 (B.A.P. 10th Cir. May 3, 2012) (considering the merits of an appeal although a response brief was not filed).

The relevant facts are as follows.  The Joint Stipulation Approving Sale of Debtor's Residence and Employing Brokers stated that the title company would escrow $4,100 for attorney's fees, which would not be payable to Mr. Cimino until the bankruptcy court approved his fees pursuant to Local Bankruptcy Rule 2016-3.[2]  R. 1b at 183.  The bankruptcy court approved the stipulation on December 28, 2017.  R. 1b at 189.  Mr. Cimino then withdrew as debtor's counsel, R. 1b at 218, and Sean Cloyes entered on behalf of the debtor.  R. 1b at 232-33.  Mr. Cloyes, on behalf of the debtor, filed an Amended Stipulation regarding the sale of the residence that eliminated the escrow provision for attorney's fees and made attorney's fees payable through the Chapter 13 plan, subject to the court's approval.  R. 1b at 232, 238.

On February 22, 2028, the sale of the property closed.  R. 2 at 7.  The settlement statement for the sale provided for $2,450 in attorney's fees to Mr. Cloyes.  *Id.*  The bankruptcy court, however, determined that Mr. Cloyes failed to comply with the Presumptively Reasonable Fee Application procedure or the Long Form Fee Application.  R. 1c at 67.  Additionally, the bankruptcy court found that Mr. Cloyes induced the title company to pay his fees at closing, even though those fees had never been approved.  *Id.*  The bankruptcy court therefore required Mr. Cloyes to deposit the $2,450 into his COLTAF account.[3]  *Id.*  The bankruptcy court granted Mr. Cimino leave

---

[2] The Record consists of two volumes, with volume one separated into three sections.  *See* Dockets Nos. 8, 9.  The Court refers to the Record by reference to "R. [volume number] at [page of record]."  Accordingly, a citation to page 180 of Volume One B is written "R. 1b at 180."

[3] A COLTAF account is a lawyer's trust account administered by the Colorado Lawyer Trust Account Foundation in which an attorney holds client funds or third party funds.

to file a fee application.  *Id.*

On October 25, 2018, the bankruptcy court dismissed the Chapter 13 proceeding on the Trustee's Motion to Dismiss for Failure to Make Plan Payment.  R. 1c at 150.  In the dismissal order, the bankruptcy court noted that no plan had been confirmed, that any request for allowance of a 11 U.S.C § 503(b)[4] claim should be filed within 28 days of the dismissal order, and that all property of the estate will revest in the debtor as of the date of the dismissal order pursuant to 11 U.S.C. § 349.  *Id.*  The Trustee filed his Final Report ("TFR") on May 31, 2019.  R. 1c at 157.  The TFR does not reflect any allowed claims for debtor's attorney's fees and does not reference the $2,450 held in Mr. Cloyes' COLTAF account.  R. 1c at 155-157.  On June 3, 2019, Mr. Cimino filed an objection to the TFR, requesting proof that $2,450 was deposited into Mr. Cloyes' COLTAF account and requesting "entry of additional orders on the competing fee applications."  R. 1c at 158.  The bankruptcy court, however, did not rule on Mr. Cimino's fee application before dismissal because Mr. Cimino and Mr. Cloyes never filed Certificates of Contested Matter.[5]  Docket No. 3 at 3.

On July 17, 2019, the bankruptcy court issued an order regarding Mr. Cimino's objection to the TFR concerning attorney's fees.  *See* Docket No. 3.  The bankruptcy court determined that both Mr. Cimino's and Mr. Cloyes' fee applications should be approved as to reasonableness and amount.  *Id.* at 5.  It then turned to the "remaining

---

[4] This section provides for the payment of attorney's fees if those fees are permitted under 11 U.S.C. § 330.  *See* 11 U.S.C. § 503(b).

[5] Local Bankruptcy Rule 2016-3(d) requires a party objecting to an attorney's fee application to file a Certificate of Contested Matter, which alerts the bankruptcy court that there is a dispute for the court to resolve.  *See* Local Bankruptcy Form 9013-1.4.

question" of "how the Court should apportion the payment of fees from proceeds held in the Cloyes COLTAF account between Mr. Cimino and Mr. Cloyes." *Id.* The bankruptcy court concluded that "the allocation of fees as closing disbursements contemplated by the stipulations became a non-issue upon dismissal of the Debtor's bankruptcy case." *Id.* The reason was because "dismissal occurred before any fee order was entered . . . . Therefore, the escrowed funds remained property of the estate as of the date of dismissal." *Id.* at 6. The bankruptcy court noted that no fee order was entered by the time of the dismissal because "[n]either Mr. Cloyes nor Mr. Cimino filed a Certificate of Contested Matter and Request for Hearing for their fee applications, as required by L.B.R. 2016(d). Because of the failure to file Certificates of Contested Matter, the fee applications and objections thereto never came before the Court for consideration."[6] *Id.* at 3. The bankruptcy court held that, because the escrowed funds were the property of the estate at the time of dismissal, the funds "re-vested in the Debtor" and "[i]t is now the Debtor's decision how those funds should be disbursed." *Id.* at 6. As a result, the bankruptcy court concluded that the rights of Mr. Cimino and Mr. Cloyes in the escrowed attorney fees "are purely governed by applicable non-bankruptcy law" and declined to direct a specific distribution of the escrowed proceeds. *Id.* at 6.

      A party may appeal the "final judgments, orders, and decrees" of a bankruptcy court to either the district court or a bankruptcy appellate panel. 28 U.S.C. §§ 158(a), (c)(1). The Court reviews the bankruptcy court's legal determinations de novo. *See In*

---

[6] Local Bankruptcy Rule 2016-3(d) states that, "[i]f an objection is filed, the applicant is responsible for filing a Certificate of Contested Matter and Request for Hearing in substantial conformity with [Local Bankruptcy Form]. 9013-1.4. Upon the filing of the Certificate of Contested Matter, the Court may set the matter for hearing."

4

*re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010). The Court also reviews de novo mixed questions of law and fact that primarily involve legal issues. *See In re Wes Dor Inc.*, 996 F.2d 237, 241 (10th Cir. 1993). However, the Court reviews a bankruptcy court's decision regarding whether to order attorney's fees for abuse of discretion. *Daleske v. Fairfield Cmtys., Inc.*, 17 F.3d 321, 323 (10th Cir. 1994). Thus, while the Court reviews the bankruptcy court's legal determination regarding its power to disburse the escrowed funds de novo, the bankruptcy court's decision to order or not order such funds disbursed is reviewed for abuse of discretion. *See id.*; *In re Ward*, 523 B.R. 142, 150 (E.D. Wis. 2014).

The award of attorney's fees in bankruptcy cases is governed by statute. Specifically, "[a]ny attorney representing a debtor in a case under this title, or in connection with such a case . . . shall file with the court a statement of the compensation paid or agreed to paid." 11 U.S.C. § 329(a). A court may award "reasonable compensation for actual, necessary services rendered by the . . . attorney," as well as "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)-(B). Federal Rules of Bankruptcy 2016 and 2017 further implement these statutes. *See* Fed. R. Bankr. P. 2016; Fed. R. Bankr. P. 2017. "[B]ankruptcy court judges are required to make a discrete inquiry into every attorney fee application." *In re Zamora*, 251 B.R. 591, 595-96 (D. Colo. 2000) (citing 11 U.S.C. § 330(3)(A)); *see also In re Stevens*, No. 05-12056 MER, 2006 WL 2711467, at *1 (Bankr. D. Colo. Sept. 14, 2006) (noting that bankruptcy courts have "an independent duty to determine the reasonableness of any fees it approves"). A bankruptcy court is thus charged with

determining whether attorney's fees are reasonable and whether those fees should be ordered disbursed from the bankruptcy estate.  *Daleske*, 17 F.3d at 323.

Mr. Cimino appealed the bankruptcy court's July 17, 2019 order.  *See* Docket No. 1.  In his opening brief, he identifies the issue presented on appeal as "[w]hether the bankruptcy court erred as a matter of law when it refused to resolve the issue of attorney's fees between counsel, in a dismissed case, given that dismissal does not abrogate a bankruptcy court's statutorily imposed independent duty to review attorney's fees."  Docket No. 18 at 4.  Mr. Cimino admits, however, that the bankruptcy court "expressly awarded attorney fees to Mr. Cimino and Mr. Cloyes."  *Id.* at 10.  Thus, the issue on appeal is not the reasonableness of either Mr. Cimino's or Mr. Cloyes' fees or whether such fees should be awarded.  Rather, Mr. Cimino claims that the bankruptcy court abused its discretion in "refusing to exercise ancillary jurisdiction" to issue "further orders on attorney's fees."  *Id.*  What exactly these "further orders" should have been is not clearly identified in the opening brief.  It appears that Mr. Cimino may believe that the bankruptcy court should have exercised ancillary jurisdiction to "direct distribution of escrowed funds."[7]  *Id.* at 9.

However, nowhere in the opening brief does Mr. Cimino state that the bankruptcy court erred in not directing the distribution of the funds in Mr. Cloyes' COLTAF account and nowhere does he discuss or even mention the reason that the bankruptcy court decided not to apportion the $2,450, namely, that the funds in the

---

[7] In the bankruptcy court's July 17, 2019 order, it noted that "Mr. Cimino requests that Court allocate the $2,450 held in Mr. Cloyes' escrow account *pro rata* based on the gross amount of fees sought by each, which would result in 64% of the escrowed fees going to Mr. Cimino and 36% going to Mr. Cloyes."  Docket No. 3 at 4.

COLTAF account are the property of the debtor and therefore their disbursement is subject to non-bankruptcy law. Mr. Cimino's vague reference to the bankruptcy court abusing its discretion by refusing to exercise ancillary jurisdiction is insufficient for the Court to discern any error. As the Tenth Circuit has noted, an appellate court "will not construct arguments or theories for [appellant] in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991); *see also In re Auld*, 689 F. App'x 623, 627 (10th Cir. 2017) (unpublished) (concluding that the bankruptcy appeal opening brief "fail[ed] to identify any errors in the district court's" reasoning and thus the appellant waived his right to appeal); *United States v. Apperson*, 441 F.3d 1162, 1195 (10th Cir. 2006) ("It is insufficient merely to state in one's brief that one is appealing an adverse ruling below without advancing reasoned argument as to the grounds for appeal."); Fed. R. App. P. 28(a)(8)(A) (requiring appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). As a result, the bankruptcy court's order will be affirmed.

Even if the Court did interpret Mr. Cimino's appeal as claiming that the bankruptcy court erred in not ordering a proportional disbursement of Mr. Cloyes' COLTAF account to him, the Court would nevertheless affirm the bankruptcy court. As noted above, the bankruptcy court declined to disburse the funds in the COLTAF account because those funds, upon the dismissal of the bankruptcy case, became the property of the debtor. Mr. Cimino might have avoided that result by simply complying with the Local Rules. As the bankruptcy court noted, "the Cimino Fee Application was never approved due to Mr. Cimino's failure to comply with L.B.R. 2016-3(d)." Docket

No. 3 at 5.  Nevertheless, as Mr. Cimino acknowledges, the bankruptcy court did approve his fee application in the July 17, 2019 order.  *Id.* at 6.

The Seventh Circuit in *In re Sweports, Ltd.*, 777 F.3d 364, 367 (7th Cir. 2015), dealt with a similar situation to this case.  The bankruptcy court in *Sweports* determined that, because the case had been dismissed, there were no assets from which to award attorney's fees.  *Id.* at 365.  The appellate court decided that the bankruptcy court failed to appreciate the "critical difference . . . between determining an entitlement to fees and ordering payment of fees."  *Id.*  Although the dismissal of the case meant that the bankruptcy court "could no longer disburse assets of the debtor's estate to anyone . . . the judge could determine that [there was] a valid claim to a fee."  *Id.* at 366-67.  "Such a ruling would create a debt" and, if the debtor refused to pay, the attorney-creditor could, "like any other creditor," sue in state court.  *Id.* at 367.

Mr. Cimino is correct that bankruptcy courts have jurisdiction to "consider" attorney fees once a bankruptcy action has been dismissed and the estate dissolved.  *See* Docket No. 18 at 7.  However, that is precisely what the bankruptcy court did here.  *See* Docket No. 3 at 4-6.  The bankruptcy court reviewed Mr. Cimino's fee application, analyzed the reasonableness of Mr. Cimino's fees, and approved them.  *Id.*  Thus, the bankruptcy court did what was required: it issued a ruling on the attorney's fees and provided Mr. Cimino with a "determination . . . [that] may still be brought in state court." *Sweports*, 777 F.3d at 367.

Mr. Cimino provides no support for the proposition that the bankruptcy court has an obligation to exercise ancillary jurisdiction to disburse escrowed funds that, due to a

failure to comply with a local rule regarding attorney fee applications, had become the property of the debtor upon the dismissal of the bankruptcy case.[8]  Under these circumstances, the Court concludes that the bankruptcy court had no such obligation.

Mr. Cimino suggests that the bankruptcy court abused its discretion in choosing not to issue "further orders" regarding the attorney's fees.  *In re Ward*, 523 B.R. at 149-50, is directly on point.  There, counsel for the debtors in a Chapter 13 bankruptcy case failed to file fee applications prior to dismissal of the bankruptcy case.  *Id.* at 143.  The court in *In re Ward* determined that, after dismissal of a bankruptcy action, the "trustee [must] disburse [] funds after deducting allowed administrative expenses, such as attorneys' fees."  *Id.* at 148.  However, because the attorney's fees were not permitted or found reasonable prior to dismissal, "the trustee should have disbursed funds to the debtor without deducting attorneys' fees."  *Id.*  This left open the question of whether the bankruptcy court "should have retained jurisdiction over the issue to determine whether the fees were allowed administrative expenses."  *Id.*  Ultimately, the court determined that, while the bankruptcy court could have exercised ancillary jurisdiction over the funds, it was solely in its discretion to do so.  *Id.* at 150 ("The exercise of ancillary jurisdiction is, of course, left to the discretion of the judge.").

Here, Mr. Cimino offers no argument why the bankruptcy court abused its discretion in failing to exercise ancillary jurisdiction, and the Court finds no reason to conclude that it did.  The Court agrees with *In re Ward* that the decision to exercise

---

[8] Mr. Cimino states that "[t]here was a bankruptcy estate remaining" in the form of the COLTAF account, Docket No. 18 at 9, but provides no other explanation or support for his belief that these funds had not revested with the debtor.

ancillary jurisdiction over undisbursed estate funds held as attorney's fees is left to the discretion of the bankruptcy court.  Mr. Cimino failed to follow the local bankruptcy rules, meaning that the ruling on his fee application did not occur until after the case was dismissed and the funds held in Mr. Cloyes' COLTAF account revested in the debtor.  As a result, the bankruptcy court did not abuse its discretion in declining ancillary jurisdiction.  Thus, in the alternative, even if the appeal is construed as an argument that the bankruptcy court abused its discretion in not exercising ancillary jurisdiction to order the disbursement of the COLTAF account, the Court rejects the argument and finds no abuse of discretion.

     Wherefore, it is

     **ORDERED** that the July 17, 2019 order of the bankruptcy court is **AFFIRMED**.


     DATED November 24, 2020.

                                    BY THE COURT:

                                    /s Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    Chief United States District Judge